No. ——

First Circuit

---

CAYTON v. REDMAN

---

(June 5, 1926, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Appeal—Par. 544, 598, 694.**

Where a case is submitted without brief of argument and the record apparently sustains the findings of the trial court the judgment will be affirmed.

Appeal from the Parish of Vernon, Hon. H. Boone, Judge.

Action by E. E. Cayton and others against Henry Redman, Mrs. E. R. Crow and Lewis Bros., intervenors. There was judgment for Mrs. Crow, Intervenor. Plaintiff appealed.

Judgment affirmed.

C. E. Hardin, of Leesville, attorney for plaintiff, appellant.

P. L. Ferguson and S. I. Foster, of Leesville, attorneys for defendant, appellee.

ELLIOTT, J., dissents for written reasons.

LECHE, J.   Henry Redman owned a sawmill, situated in the parish of Vernon, and upon his leaving the state, several of his creditors attached the sawmill property. The present controversy involves a contest between the attaching creditors and the intervenors as to priority of right over the proceeds of sale of this property, which are insufficient to pay all creditors.

The trial judge found that Mrs. Crow, holder of a mortgage of two thousand dollars had a prior right to these proceeds by virtue of her mortgage, he further found no lien or privilege in favor of any of the other creditors except such as arose from their attachments and he accordingly ordered the proceeds to be paid to Mrs. Crow.

This case has been on the docket of this court for over two years and was only finally and regularly submitted on March 17th of this year and without argument, oral or written.

From an examination of the record, it appears that the trial judge has properly disposed of the questions involved.

Where a case submitted without brief or argument and the record apparently sustains the findings of the trial court, the judgment should be affirmed and for that reason the judgment herein is affirmed.

ELLIOTT, J., dissenting. The suits of E. E. Cayton vs. Henry Redman, No. 4098, and of L. M. Cayton vs. Henry Redman, No. 4099, in both of which Lewis Bros. and R. A. Crow (Mrs. E. R. Crow substituted for R. A. Crow, deceased), are intervenors, were consolidated and are combined in the present transcript. The plaintiffs E. E. Cayton, L. M. Cayton and intervenors Lewis Bros. and Mrs. E. R. Crow, all obtained judgments against the defendant Redman, sustaining their writs, etc., but the proceeds of defendant's property covered by their seizures was applied as a credit on the judgment obtained by Mrs. Crow. The two Caytons and Lewis Bros. appealed from this application. It is my opinion that their appeals should be ex-officio dismissed by the court. The defendant was not personally cited in any of the demands against him and made no appearance in the lower court. The records do not show that notice of judgment was served on defendant in any of the cases as the law requires, C. P., Arts. 575 and 624.

Until notice of judgment has been served on Redman for the time and in the manner and form prescribed by law, the judgments rendered against him in favor of the two Caytons, Lewis Bros. and Mrs. Crow are not executory, nor appealable. It makes no difference that the appeals are aimed at the application of the proceeds of defendant's property as a credit on the judgment obtained by Mrs. Crow, the appeals require a review of the judgments rendered against the defendant Redman.

As stated, the judgments appealed from dispose of defendant's property, therefore the defendant is a necessary party to these appeals. A judgment should not be affirmed against a party which disposes of his property, if such party is not before the court in such a way as to be bound by the judgment. Henry Redman is not a party to these appeals; he was not cited to appear and answer them and he has not appeared; he is therefore not before this court. The only thing this court can do, or has power to do, in such a situation is to dismiss the appeals. C. P., Arts. 581, 582, 583; Louisiana Digest, vol. 1, pp. 373 to 375, Sec. 222 and 223, etc.

I am not satisfied from the record that the court acquired jurisdiction *in personam* as to said Redman in the suits instituted by E. E. Cayton and L. M. Cayton; nor *in rem* as to the suits instituted by Lewis Bros. and R. A. Crow. I do not agree with the majority of the court that the record apparently supports the judgments rendered. As I think the appeals should be dismissed, I will not enter into a discussion of the merits, nor express an opinion on that subject, but will confine my dissent to the action of the court in entertaining the appeals.