No. 3465

Second Circuit

———

HINES ET AL. v. MEREDITH

———

(May 8, 1929. Opinion and Decree.)

———

Shotwell and Brown, of Monroe, and V. M. Mouser, of Columbia, attorneys for plaintiffs, appellants.

C. P. Thornhill, curator ad hoc, of Columbia, attorney for defendant appellee.

REYNOLDS, J. This was a suit to revive a judgment. The petition was filed and citation issued September 9, 1926, five days before the prescriptive period had run. The sheriff returned on the cita-

tion: "Not being able to find party, personal service could not be made." On September 14, 1926, two days before the ten years from the date of the judgment had expired, plaintiffs filed a supplemental petition wherein they alleged that defendant was concealing himself to avoid being cited, that a writ of attachment was necessary, to protect their rights in the premises, and that a curator ad hoc to represent the defendant should be appointed.

A writ of attachment was issued and certain movable and immovable property belonging to defendant was sized, and an order was signed appointing C. P. Thornhill, an attorney at law, curator ad hoc to represent the defendant.

On September 17, 1926, C. P. Thornhill filed a motion that the order appointing him curator ad hoc be rescinded, alleging that the appointment was inadvertent because it was not alleged in the petition that the defendant was absent from the state, or that he was an interdict and without a curator or a minor and without a tutor. The motion was overruled.

On October 18, 1926, C. P. Thornhill filed a motion wherein he declined to accept the appointment as curator ad hoc and asked the court to rescind the order appointing him such and discharging him from responsibility in the premises. This motion seems not to have been passed on.

The curator ad hoc thereupon moved to dissolve the writ of attachment and release the seizure on the grounds:

(1) That the allegations of the petition were insufficient to authorize the issuance of the writ.

(2) That at the time the citation was in the sheriff's hands he was in the parish of Caldwell and that it was a matter of common knowledge that he was and that the allegation that he was concealing himself to avoid citation was false.

(3) That the property seized constituted the defendant's homestead and was exempt from seizure.

And he asked that a fee of $100 be allowed the curator in the premises.

The motion was tried and judgment rendered dissolving the attachment and releasing the seizure and fixing the fee of the curator ad hoc at $50 and taxing the plaintiffs with the costs.

From this judgment the plaintiffs appealed and the curator ad hoc has answered the appeal and asks that his fee be increased to $100.

## OPINION.

We find it unnecessary to consider the contention that the allegation that defendant was concealing himself to avoid citation was insufficient to authorize the issuance of the writ of attachment, as in our opinion the evidence failed to establish the truth of the allegation, and therefore the attachment was dissolved and the seizure released properly.

Plaintiffs have not appeared in this court, nor favored us with a brief pointing out wherein the judgment appealed from is erroneous, and we have not ourselves been able to find any error in it.

"The burden rests on the appellant to show that the judgment appealed from is erroneous. * * *" Swift & Co. vs. Parker Grocery & Feed Store et al., 10 La. App. 468, 121 So. 322.

"Where a case is submitted without brief or argument and the record apparently sustains the findings of the trial court, the judgment will be affirmed." Cayton vs. Redman, 4 La. App. 451; Meriwether Sup-

ply Co. vs. Whittington, 7 La. App. 737; McClanahan vs. Hodges, 8 La. App. 326.

We do not favor the increase in the fee of the curator ad hoc, for the reason that the value involved in the controversy was only $500 and the trial judge was of opinion that the amount allowed was reasonable compensation for the services rendered by the curator ad hoc under the circumstances.

We find no error in the judgment appealed from, and accordingly it is affirmed.